DECISION
{¶ 1} Appellant, Michael E. Truss, Sr., is appealing from a judgment granted against him. Appellant assigns a single error for our consideration:
 THE COMMON PLEAS COURT ERROR [sic] BY GRANTING JUDGEMENT IN FAVOR OF PLAINTIFF WHEN THE EVIDENCE SHOWS [sic] NO INJURY AND FACTS THAT DEMAND RESOLUTION BY THE TRIER OR [sic] FACT.
 {¶ 2} This case originated in the Franklin County Court of Common Pleas, Division of Domestic Relations when, appellee, Denise L. Hawkins, filed a petition *Page 2 
seeking a Domestic Violence Civil Protection Order ("CPO"). A temporary CPO was granted and the case was set for a full hearing one week later. A full hearing was conducted on January 25, 2007, at which time a CPO was entered to be effective for a period of one year. Appellant has appealed from the granting of this CPO.
 {¶ 3} A review of the transcript of the hearing, at which the CPO was granted, included the following live testimony: Denise Hawkins testified that on January 16, 2007, Michael Truss came into her bedroom, called her names and slapped her. She immediately called the police who arrived and advised her to get a protection order. Because Michael Truss had a history of physical violence toward her, including hitting her, throwing water on her, kicking her and choking her, she followed up by initiating this case the following day. She testified she could not see going through such incidents again.
 {¶ 4} Michael Truss testified that he had a confrontation with Denise Hawkins on January 16, 2007, but that the confrontation was verbal, not physical. He testified "I really didn't hit her." He acknowledged prior incidents which involved arguing and shoving.
 {¶ 5} Tamika Truss, Michael's daughter-in-law, testified that she had seen a number of incidents where Denise hit Michael and Michael hit Denise. Tamika testified that sometimes Michael was the aggressor and sometimes Denise was the aggressor. On cross-examination, Tamika reiterated that she had seen the two (Michael Truss and Denise Hawkins) hit each other a lot of times.
 {¶ 6} Following the end of the testimony and closing arguments by Denise and Michael, the trial judge stated that he found Denise to be the more credible witness and granted a CPO to be in effect for one year. *Page 3 
 {¶ 7} The testimony in court clearly supported the trial court's judgment. We therefore overrule the sole assignment of error and affirm the judgment of the trial court.
 {¶ 8} The single assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1